UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL P. TATRO,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>STERLING JEWELERS, INC., a Delaware corporation; T-MOBILE, U.S.A., INC.; a Delaware corporation; MACY'S RETAIL HOLDINGS, INC., a New York corporation; TARGET CORPORATE SERVICES, INC., a Minnesota corporation; RAC ACCEPTANCE, LLC, a Delaware Limited Liability Company; VERIZON NEW ENGLAND, INC., a New York corporation; DFS SERVICES, INC., a Delaware Limited Liability Company, APPLE INC., a California corporation; FDS BANK, FSB, A Federal Savings Bank; SONY ELECTRONICS, INC., California corporation; VERIZON WIRELESS, LLC, A Delaware Limited Liability Company; NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC., a Delaware corporation; BILL ME LATER, INC., a Delaware corporation; DIRECTV, LLC, a California Limited Liability Company, TD BANK, | Case No.: 17cv1305-JAH (MSB)<br><br>**ORDER GRANTING DEFENDANTS FIRST PREMIER BANK AND BILL ME LATER'S MOTIONS TO DISMISS (Doc. Nos. 74, 75) AND DENYING DEFENDANT BILL ME LATER'S MOTION TO DISMISS (Doc. No. 88)** |

1

| | |
|---|---|
| 1 | USA, NA, a National Banking Association; CREDIT ONE BANK, NA, a National Banking Association; FIRST PREMIER BANK, a National Banking Association; CAPITAL ONE BANK, USA, NA. a National Banking Association; SYNCRONY BANK; BANK OF AMERICA CORPORATION; PNC FINANCIAL SERVICES, GROUP, INC.; MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation; THE NORTHLAND GROUP, INC., a Minnesota corporation; WELLS FARGO CARD SERVICES, INC., a Iowa corporation, WELLS FARGO BANK, NA, a National Banking Association; CONSUMERINFO.COM, INC., a California corporation; CAPITAL ONE AUTO FINANCE, a Texas corporation; G.E. CAPITAL FINANCIAL, TRANS UNION INTERACTIVE, a California company, |
| | Defendants. |

## **INTRODUCTION**

Pending before the Court is Defendant First Premier Bank's ("First Premier Bank") motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Doc. No. 74. Also pending before the Court is Defendant Bill Me Later's motions to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. Nos. 75, 88. The motions are fully briefed and unopposed. The Court construes Bill Me Later's second motion to dismiss (Doc. No. 88) as duplicative of Bill Me Later's first motion to dismiss (Doc. No. 75). After careful review of the pleadings, and for the reasons set forth below, the Court **GRANTS** First Premier Bank's motion to dismiss (Doc. No. 74); **GRANTS** Bill Me Later's first motion to dismiss (Doc. No. 75); and **DENIES** Bill Me Later's second motion to dismiss (Doc. No. 88) as moot.

## BACKGROUND

On June 26, 2017, Plaintiff filed a complaint against all named defendants, alleging they mishandled his financial information. See Doc. No. 1. Plaintiff alleges federal claims under the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA"). Id. Plaintiff also alleges Rhode Island state law claims. Id. Specifically, Plaintiff makes the following claims: (1) Willful, wanton, and reckless disregard; (2) Violations of the Fair Credit Reporting Act ("FRCA"); (3) Violations of Rhode Island's Impersonation and Identity Fraud Act; and (4) Intrusion on Plaintiff's Rhode Island state law right to privacy. Id. On March 13, 2018, First Premier Bank filed a motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for a lack of personal jurisdiction. Doc. No. 74. On the same day, March 13, 2018, Bill Me Later filed a motion to dismiss pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure for failure to state a claim. Doc. No. 75. On April 23, 2018, Plaintiff filed a document requesting additional time to respond to Defendants' motions to dismiss. Doc. No. 78. Plaintiff filed what the Court construes to be a motion to stay proceedings on the same day, April 23, 2018. Doc. No. 79. On May 2, 2018, this Court GRANTED Plaintiff's motion to stay proceedings and stayed proceedings until July 1, 2018. On July 25, 2018, Bill Me Later filed what the Court construes to be an identical motion to dismiss (Doc. No. 88) to the motion filed on March 13, 2018 (Doc. No. 75).

The Ninth Circuit has held that a district court may properly grant a motion to dismiss as unopposed pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Civil Local Rule 7.1.f.3.c provides that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Although the Court may grant Defendants' motions to dismiss as unopposed, in the interests of justice, the Court addresses the merits below.

//

# DISCUSSION

## I. Legal Standard

### a. Rule 12(b)(2)

Under Rule 12(b)(2), a court may dismiss a case for lack of jurisdiction over the person. The Ninth Circuit has established a two prong test for determining if the Court's assertion of personal jurisdiction is proper. Jurisdiction must comport with: (1) the state long-arm statute, and (2) the constitutional requirement of due process. Mattel, Inc., v. Greiner & Hausser GMBH, 354 F.3d 857, 863 (9th Cir. 2003) (quoting Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995)).

As to the first prong, California's long arm statute provides that "a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this State or of the United States." Cal. Civ. Proc. Code § 410.10. Because California law allows the exercise of jurisdiction to the same extent as due process under the United States Constitution, the only question is whether the exercise of jurisdiction over the defendant is constitutional. See Mattel, 354 F.3d at 863. Under a due process analysis, the Court may only exercise jurisdiction in accord with "traditional notions of fair play and substantial justice," thus the nonresident defendant is required to have "certain minimum contacts" with the forum state in order for jurisdiction to be proper. Id. (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Personal jurisdiction may be found where the defendant's activities subject him to either general or specific jurisdiction. General jurisdiction exists where a nonresident defendant's activities within a state are "substantial" or "continuous and systematic." Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). In the absence of general jurisdiction, a nonresident defendant may still be sued in the forum if specific jurisdiction exists. Id. The Ninth Circuit has established a three part test to determine whether there is specific jurisdiction over a defendant:

> 'Specific' jurisdiction exists if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed

himself of the privilege of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

Mattel, 354 F.3d at 863 (quoting Bancroft & Masters v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000)).

### b. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached

5

to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts.

## II. Analysis

First Premier Bank argues that this Court does not have general jurisdiction because First Premier Bank is not headquartered or incorporated in California. Doc. No. 74 at pgs. 4-5. First Premier Bank also contends that this Court does not have specific jurisdiction because First Premier Bank does not have any connections to California. Id. at pgs. 5-6.

Bill Me Later argues that there is no such cause of action as "willful, wanton, and reckless disregard." Doc. 75-1 at pg. 9. Bill Me Later contends that even if this cause of action was interpreted as an FCRA claim, it is still duplicative of the second cause of action. Id. Bill Me Later argues that Plaintiff fails to allege facts to state a claim under the FCRA. Id. at pgs. 9-10. Bill Me Later asserts Plaintiff fails to show that Bill Me Later engaged in any 'willful' wrongdoing. Id. at pgs. 10-11. Bill Me Later contends that Plaintiff does not have standing under Rhode Island law, and Rhode Island law is irrelevant in this case. Id. at pgs. 11-12. Bill Me Later asserts that Plaintiff's allegations are legal conclusions and insufficient. Id. at pg. 12. Bill Me Later argues that Plaintiff's Rhode Island claims are untimely. Id. at pgs. 12-13.

The Court will first address First Premier Banks' motion to dismiss for lack of jurisdiction. The Court will then address Bill Me Later's motions to dismiss for failure to state a claim.

### a. Personal Jurisdiction

Plaintiff bears the burden of making a *prima facie* showing that jurisdiction is proper. Mattel, 354 F.3d at 862 (citing Harris Rutsky, 328 F.3d at 1128). "To make that showing, [a plaintiff] need only demonstrate facts that, if true, would support jurisdiction over the [d]efendants." Id. The Court finds that Plaintiff does not make a prima facie showing that

6

this Court has personal jurisdiction over First Premier Bank. First Premier Bank is not headquartered or incorporated in California. See Doc. No. 74 at pgs. 4-5. Further, Plaintiff does not show that First Premier Bank has sufficient contacts with the state of California. "'Conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding whether a *prima facie* case for personal jurisdiction exists.'" AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); see also Doe v. Unocal Corp., 922 (9th Cir. 2001). The Court finds here, there is no conflict of facts, but rather Plaintiff has not alleged facts to make a prima facie showing that jurisdiction is proper. Thus, the Court **GRANTS** First Premier Bank's motion to dismiss (Doc. No. 74).

### b. Failure to State a Claim

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). This Court follows Ninth Circuit rule in noting that legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). The Court finds while Plaintiff asserts that he was a customer of Bill Me Later, Plaintiff does not plead sufficient facts to suggest Bill Me Later engaged in any wrongdoing. Plaintiff asserts that he was not involved in the credit transactions when the alleged wrongdoing occurred, but Plaintiff does not adequately plead Bill Me Later's wrongdoing in those credit transactions. Plaintiff does not offer any facts in support of his claims against Bill Me Later. The Court finds Plaintiff fails to "raise a right to relief above the speculative level." See Twombly, 550 U.S. at 545. Thus, the Court **GRANTS** Bill Me Later's motion to dismiss (Doc. No. 75). Accordingly, the Court **DENIES** Bill Me Later's second motion to dismiss (Doc. No. 88) as moot because it is duplicative.

//

7

17cv1305-JAH (MSB)

# CONCLUSION

Based on the foregoing reasons, **IT IS HEREBY ORDERED THAT** Defendant First Premier Bank and Defendant Bill Me Later's motions to dismiss (Doc. Nos. 74, 75) are **GRANTED**. Plaintiff's complaint against Defendants First Premier Bank and Bill Me Later is **DISMISSED** without prejudice. Defendant Bill Me Later's second motion to dismiss (Doc. No. 88) is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: December 17, 2018

_____
JOHN A. HOUSTON
United States District Judge