UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL P. TATRO,<br><br>                          Plaintiff,<br>v.<br><br>STERLING JEWELERS, INC., a Delaware corporation; T-MOBILE, U.S.A., INC.; a Delaware corporation; MACY'S RETAIL HOLDINGS, INC., a New York corporation; TARGET CORPORATE SERVICES, INC., a Minnesota corporation; RAC ACCEPTANCE, LLC, a Delaware Limited Liability Company; VERIZON NEW ENGLAND, INC., a New York corporation; DFS SERVICES, INC., a Delaware Limited Liability Company, APPLE INC., a California corporation; FDS BANK, FSB, A Federal Savings Bank; SONY ELECTRONICS, INC., California corporation; VERIZON WIRELESS, LLC, A Delaware Limited Liability Company; NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC., a Delaware corporation; BILL ME LATER, INC., a Delaware corporation; DIRECTV, LLC, a California Limited Liability Company, TD BANK, | Case No.: 17cv1305-JAH (MSB)<br><br>**ORDER GRANTING DEFENDANTS FDS BANK, MACY'S, SYNCHRONY BANK, RAC ACCEPTANCE, LLC, TD BANK, ANDTARGET ENTERPRISE'S MOTIONS TO DISMISS (Doc. Nos. 16, 41, 46, 62)** |

1

| | |
|---|---|
| 1 | USA, NA, a National Banking Association; CREDIT ONE BANK, NA, a National Banking Association; FIRST PREMIER BANK, a National Banking Association; CAPITAL ONE BANK, USA, NA. a National Banking Association; SYNCRONY BANK; BANK OF AMERICA CORPORATION; PNC FINANCIAL SERVICES, GROUP, INC.; MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation; THE NORTHLAND GROUP, INC., a Minnesota corporation; WELLS FARGO CARD SERVICES, INC., a Iowa corporation, WELLS FARGO BANK, NA, a National Banking Association; CONSUMERINFO.COM, INC., a California corporation; CAPITAL ONE AUTO FINANCE, a Texas corporation; G.E. CAPITAL FINANCIAL, TRANS UNION INTERACTIVE, a California company, |
| | Defendants. |

## INTRODUCTION

Pending before the Court are Defendants FDS Bank, Macy's, Synchrony Bank, RAC Acceptance, LLC, TD Bank, and Target Enterprise's motions to dismiss. See Doc. Nos. 16, 41, 46, 62. The motions are fully briefed and unopposed. After careful review of the pleadings submitted by the parties, and for the reasons set forth below, the Court **GRANTS** Defendants FDS Bank, Macy's Synchrony Bank, RAC Acceptance, TD Bank, and Target Enterprise's motions to dismiss (Doc. Nos. 16, 41, 46, 62).

## BACKGROUND

On June 26, 2017, Plaintiff filed a complaint against all named defendants, alleging they mishandled his financial information. See Doc. No. 1. Plaintiff alleges federal claims under the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act

("FDCPA"). Id. Plaintiff also alleges Rhode Island state law claims. Id. Specifically, Plaintiff makes the following claims: (1) Willful, wanton, and reckless disregard; (2) Violations of the Fair Credit Reporting Act ("FRCA"); (3) Violations of Rhode Island's Impersonation and Identity Fraud Act; and (4) Intrusion on Plaintiff's Rhode Island state law right to privacy. Id.

On September 26, 2017, Defendant FDS Bank ("FDS Bank") and Defendant Macy's ("Macy's") filed a motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. See Doc. No. 16.

On October 20, 2017, Defendant Synchrony Bank ("Synchrony Bank") filed a motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. See Doc. No. 41.

On November 6, 2017, RAC Acceptance filed a motion to dismiss pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(3) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and improper venue. See Doc. No. 46.

On December 13, 2017, Defendant TD Bank ("TD Bank") and Defendant Target Enterprise ("Target") filed a motion to dismiss pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(3) of the Federal Rules of Civil Procedures for lack of personal jurisdiction and improper venue. See Doc. No. 62. These motions are unopposed.

The Ninth Circuit has held that a district court may properly grant a motion to dismiss as unopposed pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Civil Local Rule 7.1.f.3.c provides that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Although the Court may grant FDS Bank, Synchrony Bank, and TD Bank's motions to dismiss as unopposed, in the interests of justice, the Court addresses the merits below.

//
//

# DISCUSSION

I. **Legal Standards**

    a. **Rule 12(b)(1)**

Under 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter. The federal court is one of limited jurisdiction. See Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 95 (1998). When considering a Rule 12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. See Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (quoting Thornhill Publishing Co. v. General Telephone & Electronic Corp., 594 F.2d 730, 733 (9th Cir. 1979)). Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

    b. **Rule 12(b)(2)**

Under Rule 12(b)(2), a court may dismiss a case for lack of jurisdiction over the person. The Ninth Circuit has established a two prong test for determining if the Court's assertion of personal jurisdiction is proper. Jurisdiction must comport with: (1) the state long-arm statute, and (2) the constitutional requirement of due process. Mattel, Inc., v. Greiner & Hausser GMBH, 354 F.3d 857, 863 (9th Cir. 2003) (quoting Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995)).

As to the first prong, California's long arm statute provides that "a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this State or of the United States." Cal. Civ. Proc. Code § 410.10. Because California law allows the

4

exercise of jurisdiction to the same extent as due process under the United States Constitution, the only question is whether the exercise of jurisdiction over the defendant is constitutional. See Mattel, 354 F.3d at 863. Under a due process analysis, the Court may only exercise jurisdiction in accord with "traditional notions of fair play and substantial justice," thus the nonresident defendant is required to have "certain minimum contacts" with the forum state in order for jurisdiction to be proper. Id. (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Personal jurisdiction may be found where the defendant's activities subject him to either general or specific jurisdiction. General jurisdiction exists where a nonresident defendant's activities within a state are "substantial" or "continuous and systematic." Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). In the absence of general jurisdiction, a nonresident defendant may still be sued in the forum if specific jurisdiction exists. Id. The Ninth Circuit has established a three part test to determine whether there is specific jurisdiction over a defendant:

'Specific' jurisdiction exists if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privilege of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

Mattel, 354 F.3d at 863 (quoting Bancroft & Masters v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000)).

### c. Rule 12(b)(3)

Rule 12(b)(3) permits a defendant to move to dismiss a complaint for improper venue. In considering a motion to dismiss under Rule 12(b)(3), a court need not accept the pleadings. See Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Plaintiff bears the burden of demonstrating venue is proper. See Piedmont Label Co. v. Sun Garnden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979). When there are multiple parties and claims, Plaintiff must establish venue as to each claim and party. See Kelly v. Echols, 2005 WL 2105309 *11 (E.D. Cal. 2005).

//

## II. Analysis

FDS Bank and Macy's contend that this Court does not have general jurisdiction over them. Doc. No. 16-1 at pg. 5. They assert that FDS Bank is based in Ohio while Macy's is incorporated in New York and headquartered in Ohio. Id. at pg. 6. They argue that Plaintiff fails to allege that FDS Bank or Macy's have any connections to California. Id. They also argue that this Court does not have specific jurisdiction over them due to a failure to allege wrongdoing arising out of California. Id. at pg. 7. FDS Bank and Macy's also contend that Plaintiff fails to demonstrate that this Court is the proper venue for Plaintiff's case against FDS Bank and Macy's. Id. at pg. 8.

Synchrony Bank asserts that it is not headquartered or incorporated in California. Doc. No. 41-1 at pg. 6. Synchrony Bank claims that its charter home office is in Utah. Id. Synchrony Bank contends that Plaintiff's dispute with Synchrony has no connection with California, and this Court does not have specific jurisdiction over Synchrony Bank. Id. at pgs. 10-11.

RAC Acceptance contends that Plaintiff has not alleged any federal causes of action against RAC Acceptance, and Plaintiff has not established diversity jurisdiction. Doc. No. 46-1 at pgs. 9-10. RAC Acceptance argues that Plaintiff admits that RAC Acceptance is incorporated in Delaware, headquartered in Texas, and fails to allege any ties between RAC Acceptance and California. Id. at pg. 11. RAC Acceptance also argues that Plaintiff fails to allege that RAC Acceptance engaged in any wrongdoing in the State of California. Id. at pg. 12. RAC Acceptance contends that venue is improper in this District, and Plaintiff does not offer any explanation as to why he selected this forum.

TD Bank and Target contend that they are not "at home" in California, and Plaintiff's complaint fails to allege any claim-related conduct by either TD Bank or Target in the State of California. Doc. No. 62-1 at pgs. 4-8. TD Bank and Target argue thus, this Court lacks personal jurisdiction over them, and this District is an improper venue. Id.

//

//

### a. Personal Jurisdiction

Plaintiff bears the burden of making a *prima facie* showing that jurisdiction is proper. Mattel, 354 F.3d at 862 (citing Harris Rutsky, 328 F.3d at 1128). "To make that showing, [a plaintiff] need only demonstrate facts that, if true, would support jurisdiction over the [d]efendants." Id. The Court finds that Plaintiff does not make a prima facie showing that this Court has personal jurisdiction over aforementioned Defendants. None of the defendants with pending motions to dismiss are headquartered or incorporated in California. See Doc. No. 74 at pgs. 4-5. Further, Plaintiff does not show that aforementioned Defendants have sufficient contacts with the state of California. "'Conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding whether a *prima facie* case for personal jurisdiction exists.'" AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); see also Doe v. Unocal Corp.,, 922 (9th Cir. 2001). The Court finds here, there is no conflict of facts, but rather Plaintiff has not alleged facts to make a prima facie showing that jurisdiction is proper.

### b. Venue

A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants reside in the same State, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Corporations and other unincorporated entities are "deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Corporations subject to personal jurisdiction in states with multiple districts are "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state." 28 U.S.C. §1391(d). Prior to incarceration, Plaintiff was a resident of the State of Rhode Island and alleges Rhode Island state law claims in addition to his federal claims. Plaintiff does not give specific reason as to why he brings suit against aforementioned Defendants in this District. The Court finds

1 | that Plaintiff does not allege facts demonstrating that this District is the proper venue for
2 | suit against aforementioned Defendants.

## **CONCLUSION**

Based on the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants Defendants FDS Bank, Macy's, Synchrony Bank, RAC Acceptance, Target, TD Bank, and Target's motions to dismiss (Doc. Nos. 16, 41, 46, 62) are **GRANTED**. Plaintiff's complaint against these defendants is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

DATED: March 12, 2019

JOHN A. HOUSTON
United States District Judge